UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW G. WATTERS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ROBERT S. MUELLER III, in his official ) <br> capacity; United States Department of Justice; ) <br> Does 1-10, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 12-CV-01777-RMW <br><br> ORDER GRANTING MOTION TO DISMISS <br><br><br><br> **[Re Dkt No. 14]** |

Defendants ("the FBI") filed the instant motion against plaintiff Andrew Watters ("plaintiff") to dismiss claims related to the rescission of plaintiff's conditional offer of employment for a Special Agent position with the FBI. The court has heard the arguments of the parties and considered the papers submitted. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

Plaintiff submitted an online application for employment as a special agent with the FBI on December 2, 2008. Compl. ¶ 34. After passing two phases of preliminary examinations, plaintiff received and accepted conditional appointment as a Special Agent by letter on May 6, 2009. *Id.* ¶ 37. The letter of conditional appointment informed plaintiff that his appointment was conditional upon an extensive background investigation and discussed the grounds under which the appointment may be rescinded. *Id.* ¶ 18. In completing the background investigation, plaintiff

noted on one of the forms that he "was present in May 2008 when two friends from college engaged in minor unlawful activity." *Id*. ¶ 47.

On June 25, 2009 an individual from the FBI's Special Agent Clearance Unit (SACU) contacted plaintiff by telephone to discuss plaintiff's background investigation forms. *Id*. ¶ 46. The special agent read aloud to plaintiff a description of the event that had been recorded on the forms and plaintiff responded that "it was true." *Id*. ¶ 47. However, plaintiff alleges, despite this conversation, the SACU Special Agent falsely stated that plaintiff, who is an attorney, "actively participated in the commission of a crime by negotiating an unlawful transaction as the attorney for the participants." *Id*. ¶ 48. On July 1, 2009, plaintiff's conditional appointment was rescinded after he was adjudicated "not suitable" for criminal conduct based on the SACU Special Agent's report. *Id*. ¶ 50.

Plaintiff appealed his non-selection to the Merit Systems Protection Board ("MSPB") on September 25, 2009. *Id*. ¶ 51. As plaintiff notes in his complaint, the action was later dismissed for lack of jurisdiction on December 18, 2009. *Id*. Administrative Judge Richard Slizeski's order informed plaintiff of his ruling and his rights for further appeal, including to the MSPB and to the United States Court of Appeals for the Federal Circuit. *See* Dkt. No. 15, Ex. C.[1] Plaintiff did not directly seek further proceedings before the MSPB or Federal Circuit. In response to plaintiff's requests for the FBI to review his non-selection, the FBI sent plaintiff a letter on February 26, 2010 indicating that he had exhausted his options within the agency to appeal his non-selection and that the FBI considered the matter closed. *See* Compl. ¶ 58; Dkt. No. 15, Ex. B.[2] From there, plaintiff "revised his appeal… and prepared to send it higher in the FBI chain of command in hopes of obtaining a review board hearing." *Id*. ¶ 59.

---

[1] The court takes judicial notice of the MSPB order denying plaintiff's claim for lack of jurisdiction. *See e.g., Western Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp 790, 792 (N.D. Cal. 1992) (courts may take judicial notice of publicly recorded documents, including court filings).

[2] Plaintiff takes issue with the exhibits attached to the FBI's Motion to Dismiss, *see* Dkt. No. 16 at 10, 24, but plaintiff incorporated the February 26, 2010 letter into his complaint by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or document forms the basis of plaintiff's claim.").

CVH/LJP                                    2
Case No.: 12-CV-01777-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

On April 10, 2012, plaintiff filed the instant action seeking relief under the Mandamus Act, 28 U.S.C. § 1361, and the Privacy Act, 28 U.S.C. § 552a. As to his mandamus claim, plaintiff alleges that "the FBI has an internal policy that gives its applicants the right to appeal negative suitability determinations." *Id*. ¶ 53. The thrust of plaintiff's argument is that "when an applicant appeal is received, the FBI official who receives it has a non-discretionary duty to refer the appeal to the Adjudication Review Board for a decision." *Id*. ¶ 54. The FBI filed a Motion to Dismiss on June 25, 2012 contending that there is not a mandatory, non-discretionary duty to convene a board to hear a failed applicant's appeal of his or her non-selection as plaintiff has alleged.

## II. DISCUSSION

The FBI moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. Plaintiff concedes that his Privacy Act claim is barred by the statute of limitations and should be dismissed. *See* Dkt. No. 16 at 5:5-16. Thus, the court's analysis is limited to the Mandamus Act claim.

Title 28 U.S.C. section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

The FBI argues that this court lacks mandamus jurisdiction because plaintiff has not established a mandatory, non-discretionary duty owed to him by the FBI. A Rule 12(b)(1) attack on the court's jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Ninth Circuit has explained the differences as follows:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. . . .

CVH/LJP                                           3
Case No.: 12-CV-01777-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Id.* (citations omitted).

In their papers, the parties present a factual dispute about whether or not the FBI has a policy that provides automatic appeal rights for plaintiff. Plaintiff relies on inconclusive evidence, including an internal document with spaces for "Date of Board" and "Board's Decision," another internal document in which a Program Manager was instructed to "explain [the] appeal process" to plaintiff, and the experiences of other discontinued applicants with whom plaintiff has communicated. While this evidence may tend to show that an appeals board exists and that certain applicants have had their appeals heard, there is no indication that any particular appeals process is mandatory in every case. The FBI, to support its position that no such right to appeal exists, submitted the declaration of Mark A. Gant, Section Chief of the Initial Clearance Section in the Security Division. *See* Dkt. No. 18-1. Mr. Gant, however, admits that the Internal Clearance Section has developed internal procedures for handling appeals like plaintiff's and has established an Appeals Board "to meet periodically and consider appeals." *Id.* ¶ 7. And, while Mr. Gant attests in conclusory fashion that the internal procedures "did not grant any right or entitlement to any individual, and did not impose any mandatory, non-discetionary duty upon any FBI official to convene an appeals board to review an applicant's appeal of non-suitability," *id.*, he provides no actual details about what the procedures do involve. Thus, on the present factual record, the court is unable to determine whether a mandatory appeals process exists.

Even if the FBI had an internal policy granting applicants a right to appeal, however, the court must still resolve whether such internal policies can give rise to a mandamus claim. In *Workman v. Mitchell*, 502 F.2d 1201, 1206 (9th Cir. 1974), the court explained that "mandamus jurisdiction was improperly invoked" in an earlier case, *Jarrett v. Resor*, 426 F.2d 213 (9th Cir. 1970), "because there was no allegation that defendants had failed to perform any ministerial duty, be it established by regulation, statute or constitutional provision." *See also Chevron, U.S.A. Prod.*

1   *Co. v. O'Leary*, 958 F. Supp. 1485, 1500 (E.D. Cal. 1997) (finding defendant "has no clear, non-discretionary obligation to take affirmative action which is positively commanded by an explicit statutory, regulatory, or constitutional mandate").  Such authority tends to suggest that mandamus claims are limited to the enforcement of regulations, statutes, and constitutional provisions.

In contexts other than a mandamus claim, courts have distinguished between regulations and internal policies or handbooks, finding that the latter are not binding upon the government. The Supreme Court, in explaining that agency interpretations contained in opinion letters are entitled to less deference than formal regulations, has stated that such interpretations, "like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all . . . lack the force of law."  *Christensen v. Harris County*, 529 U.S. 576, 587 (2000).

In *United States v. Fifty-Three Eclectus Parrots*, 685 F.2d 1131, 1135 (9th Cir. 1982), the court recognized that "an agency can create a duty to the public which no statute has expressly created," but found that Customs had not done so in that case.  The court noted there was no applicable regulation at the relevant time, only the U.S. Customs Manual, which was "an internal agency guide for Customs offices . . . not intended for the use of the general public."  *Id.* at 1135-36.  Under Ninth Circuit precedent, not even "all agency pronouncements which find their way to the public can be considered regulations enforceable in federal court."  *Id.* at 1136.  Rather, they must (1) "prescribe substantive rules—not interpretive rules, general statements of policy or rules of agency organization, procedure or practice" and (2) be promulgated pursuant to a statutory grant of authority and in conformance with procedural requirements imposed by Congress.  *Id.*  The court concluded that Customs' internal procedure "was not intended as a substantive rule, and was not entitled to the force and effect of law against the government."  *Id.*

Applying the same standard in *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000), the court found that the Social Security Administration's Hearings, Appeals, and Litigation Manual ("HALLEX") does not have the force and effect of law because it is "strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members" and "does not prescribe substantive rules."  The court also found that "[f]urther evidence that this is a purely internal manual can be seen in the fact that HALLEX was not published in either the Federal

1   Register or the Code of Federal Regulations, indicating that the manual was not promulgated in

2   accordance with the procedural requirements imposed by Congress for the creation of binding

3   regulations and was not intended to be binding." *Id.* at 869; *cf. Morton v. Ruiz*, 415 U.S. 199, 235

4   (1974) (holding agency could not impose substantive rule of eligibility without "comply[ing], at a

5   minimum, with its own internal procedures," which required publication in the Federal Register).

6         Here, plaintiff has not identified any statute or regulation that affords him a right to have his

7   appeal heard by the FBI. Plaintiff relies solely on what he alleges is the FBI's internal policy.

8   Compl. ¶ 53. As noted above, Mr. Gant admits that the FBI has internal procedures "designed to

9   facilitate its administrative handling of appeals"; however, these procedures are not public. Dkt.

10  No. 18-1 ¶ 7. Thus, at best, plaintiff is relying on non-public, internal guidance similar to those

11  found to be not binding in *Fifty-Three Eclectus Parrots* and *Moore*. In addition, based on Mr.

12  Gant's description, it does not appear that the FBI's policy prescribed substantive rules rather than

13  simply creating rules of agency procedure.

14        At least one court has applied *Moore* and *Christensen* to hold that HALLEX and another

15  Social Security Administration manual do not impose a duty sufficient to warrant mandamus relief.

16  *See Lowry v. Massanari*, 2001 WL 34047027 at *4-5 (D. Or. 2001). In contrast, the parties have

17  not cited and the court has not found any case imposing a non-discretionary duty based on internal

18  agency policies. Thus, as a matter of law, plaintiff has not presented an adequate basis for his

19  mandamus claim.

20        Plaintiff argues that leave to amend should be granted "now that the Government has

21  indicated it will maintain its unreasonable position about a policy and process that the Government

22  does not deny and cannot deny exist." Dkt. No. 16 at 25:20-23. However, as discussed above,

23  plaintiff's claim fails even if the FBI has an internal policy as alleged and regardless of whether the

24  FBI admits or denies its existence. Plaintiff has had multiple opportunities to identify a statute or

25  regulation that supports his claim but has failed to do so. Thus, plaintiff has not demonstrated a

26  basis on which he could amend to state a claim, and it appears that amendment would be futile.

27  //

28  //

CVH/LJP                                6
Case No.: 12-CV-01777-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

# III. ORDER

For the foregoing reasons the court grants the FBI's motion to dismiss and dismisses the complaint with prejudice.

Dated: August 8, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California